IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAY 1 1 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 5:15CV00035 |
| ) | |
| JONATHAN R. ALGER, President of ) | |
| James Madison University, sued in his ) | |
| official capacity, and ) | |
| ) | |
| MARK J. WARNER, Ph.D., Senior ) | |
| Vice President of Student Affairs and ) | |
| University Planning for James Madison ) | |
| University, sued in his official capacity, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION AND MEMORANDUM
## FOR LEAVE TO PROCEED UNDER A PSEUDONYM
## AND FOR A PROTECTIVE ORDER

Plaintiff John Doe, by counsel, moves this Court for an order allowing him to proceed in this case under a pseudonym, and for a protective order prohibiting Defendants and any other officials or employees of James Madison University ("JMU") from disclosing his identity.

Plaintiff was accused of sexual misconduct, and after a five hour hearing involving live testimony by a number of witnesses, a University hearing panel found that Plaintiff was "not responsible" on December 5, 2014. His accuser appealed this decision, and an appeals panel nonetheless voted to suspend Plaintiff from JMU.

1

Defendant Warner approved the decision of the appeals panel, and on January 9, 2015, Plaintiff was notified that he had been suspended effective immediately, and the suspension was to last for a period of five years.

This lawsuit alleges that Defendants violated Plaintiff's due process rights under the United States Constitution throughout the appeals process. Plaintiff seeks a final judgment requiring the Defendants to reinstate Plaintiff immediately as a student in good standing at JMU and to permanently enjoin Defendants and any other JMU officials or employees from continuing to enforce any sanctions against Plaintiff, making any notations in any of Plaintiff's educational or disciplinary records pertaining to the allegations, and/or permitting any form of retaliation against Plaintiff by others on campus based on this allegation of sexual misconduct which was deemed unproven by the hearing panel on December 5, 2014.

## ARGUMENT

This case arises out of facts of a highly sensitive and personal nature which involve several other students at JMU. Plaintiff thus requests leave to proceed under a pseudonym, and also a protective order to shield both his and his accuser's identities, as well as the other students who participated or testified. Without such an order, the privacy of all of the students will be lastingly and unnecessarily violated, and Plaintiff will be rendered powerless to accomplish the very purpose of his litigation, which is to resume his studies at JMU with some semblance of normalcy.

While there is a presumption in favor of openness in the federal courts, in appropriate cases, parties are permitted to proceed anonymously. In *James v. Jacobson,* 6 F.3d 233 (4th Cir. 1993), the Fourth Circuit held that the trial court abused its discretion when it refused to permit married plaintiffs to proceed anonymously in a suit against their fertility doctor, who had used his own sperm to impregnate the wife. The court gleaned a number of factors bearing on the

2

propriety of anonymity from prior cases, but listed only those factors it considered relevant to the case before it:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, relatedly, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 238. These factors are not exhaustive; rather, the court must "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Pittsylvania County,* 844 F. Supp.2d 724, 729 (W.D. Va. 2012) (citations omitted).

Indeed, another factor, not relevant in *Jacobson,* is of crucial relevance here. Plaintiff may need to apply for admission to other universities or for employment in the near future. What he seeks in this litigation is to be free of the obligation, when he does so, of self-disclosing that he was found guilty of sexual misconduct and suspended from JMU as a result. Yet, if he is not permitted to proceed anonymously, he cannot receive this relief in any effective form, for by suing under his own name he could not avoid a more public and damaging form of that same self-disclosure. Any records check (or a simple word search on the web, if this case receives any press coverage) would reveal the very matter he seeks to expunge to any potential employers, programs, or educational institutions to which he may

3

apply. Anonymity is fully appropriate where, as here, the lack thereof inflicts the very harm the litigation is designed to prevent. *E.g., Roe v. Ingraham,* 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) (cited in *Doe v. Frank,* 951 F.2d 320, 322 (11th Cir. 1992)) (so holding).

In addition to this extremely important factor in favor of anonymity, the *Jacobson* factors support Plaintiff's motion (or at worst are neutral). *See, e.g., Nelson v. Green,* No. 3:06-cv-00070, 2007 WL 984127 (W.D. Va. Mar. 28, 2007) (allowing plaintiff accused of child sexual abuse to proceed anonymously where majority of factors weighed in favor of anonymity).

1. Decidedly, Plaintiff does not seek merely "to avoid the annoyance and criticism that may attend any litigation." *Jacobson,* 6 F.3d at 238. Rather, he seeks to protect his privacy in a sensitive and highly personal matter: namely, that he was accused of sexual misconduct arising out of conduct involving consensual, but casual sex. Complaint ¶¶ 21-26. Even worse, the sexual misconduct involved was sexual intercourse and his accuser alleged it occurred without consent – in a word, rape. Complaint ¶ 33. Though the complaint does not ask this Court to re-litigate the underlying facts of alleged rape, it does disclose in detail a number of highly personal and otherwise private facts necessary to provide the basis for this due process claim. These matters are "sensitive and highly personal" if anything is. *See Doe v. George Mason University,* No. 1:15-cv-209-TSE/TRJ (E.D. Va., filed February 18, 2015) (issuing order on February 23, 2015, permitting plaintiff accused and, by a university, found guilty of sexual misconduct to proceed anonymously); *objections filed,* Doc. No. 10 (E.D. Va. March 10, 2015); *Doe v. Washington and Lee University,* No. 6:14-cv-00052-NKM (W.D. Va., filed December 13, 2014) (permitting plaintiff accused and, by a university, found guilty of sexual misconduct to proceed anonymously); *Doe v. Swarthmore College,* No. 2:14-cv-00532-SD (E.D. Pa., filed January 23, 2014) (issuing order on January 29, 2014, permitting plaintiff accused and, by a university, found guilty of sexual misconduct to proceed anonymously;

4

defendant's consent to order, subject to development of record, filed February 24, 2014). Accordingly, this factor weighs heavily in favor of anonymity.

2. If Plaintiff is not allowed to proceed anonymously, "retaliatory physical or mental harm" is a serious risk. Plaintiff's identification, aside from possibly subjecting him to physical harm at the hands of his accuser's friends or relatives, as well as other students on campus who may seek to label him a "rapist."

3. Moreover, requiring Plaintiff to identify himself would inevitably result in the identification of the accuser, her roommate, suitemate, and the accuser's friend who attends another college, each of whom provided information considered in the underlying proceeding. Complaint ¶¶ 39-41, 50, 58, 60 -61 64-65. If the identity of the accuser or any of her female friends are disclosed, then the accuser will stand publicly revealed as a participant in the casual sexual lifestyle she shared with Plaintiff.[1] As a result of this lawsuit, then, she could well be subjected to very public shaming. Likewise, the accuser's roommate had her truthfulness attacked, and such allegations carry with them harm that is hard to undo. Therefore, this factor also weighs heavily in favor of anonymity.

4. The age of Plaintiff, his accuser and the witnesses also weigh in favor of anonymity. All were freshmen in college when the events giving rise to this lawsuit took place. All are believed to have been 18 or 19 years of age at the time. Plaintiff and Jane Roe are just about to embark on careers in the world and, perhaps, more permanent relationships in their future personal lives. Indeed, were they just a little younger, Rule 5.2(a), Fed. R. Civ. P., would have *required* Plaintiff

---

[1] The complaint alleges that Plaintiff and his accuser had consensual sex several days after the alleged incident of sexual misconduct. The accuser never filed any administrative or other complaint against Plaintiff based on this subsequent encounter.

5

to proceed using only his (and his accuser's) initials.[2]  This fact weighs in favor of the Court's exercising its discretion to permit plaintiff to sue anonymously.

Despite having reached the age of majority, "college students may still possess the immaturity of adolescence." *Yacovelli v. Moeser,* No. 1:02CV596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004).  Here, Plaintiff and his accuser should not have to endure the lasting "scarlet letter" this case would affix to them at the very beginning of their adulthood.

5.  The fourth factor – whether the defendant is a private party or the government – does not weigh against anonymity.  The public's interest in this case rests in its interest in the question of whether JMU has established policies and procedures for adjudicating sexual misconduct cases that deny due process to those accused of such offenses.  The name of Plaintiff – which is otherwise unknown to the public, and would mean nothing to it – is irrelevant to this interest.  At worst, then, this factor is neutral.  *E.g., Pittsylvania County,* 844 F.Supp.2d at 730 ("Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm.") (citing *Southern Methodist Univ. Assoc. v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1970)).

6.  Anonymity will impose no unfairness on Defendants.  Defendants are fully aware of the identity of Plaintiff, as well as all others involved, and will not be hampered in any substantive way in their handling of this case given the nature of the claim  *See, e.g., Doe v. Merten,* 219 F.R.D. 387, 394 n.22 (E.D. Va. 2004) ("Caselaw indicates that any risk of unfairness to a defendant as a consequence of allowing a plaintiff to proceed anonymously is minimized when the issues raised are

---

[2]  *See* Fed. R. Civ. P. 5.2(a)(3) (requiring papers filed in federal court that refer to a "minor" to use the minor's initials). Rule 5.2(a) does not define the word "minor," and it deserves mention that both Plaintiff and his accuser are under the minimum drinking age in the state (Virginia) where the events took place. Nonetheless, Plaintiff has assumed here that Rule 5.2(a) is not applicable.

purely legal and do not depend on identifying the specific parties.") (internal quotation marks and citation omitted).

In short, however this case turns out, if Plaintiff cannot proceed anonymously, his lawsuit will make the very goal he seeks to accomplish with it impossible. Without anonymity, not only must he reveal his participation in a much criticized sexual lifestyle, he must publicly affix on himself the lasting stigma of having been found guilty of rape, with the hope that this stigma might be reduced to the slightly lesser one of having been found guilty without due process of law. As for his accuser, in all likelihood, she, too, stands to have her private sexual conduct broadcast to the world. These serious harms can only be avoided by permitting Plaintiff to proceed anonymously.

In this regard, a protective order is necessary in order to prohibit the parties from disclosing Plaintiff's name; otherwise, filing as John Doe is meaningless. If the names of Plaintiff, his roommate, his accuser (Jane Roe), or her four witnesses (roommate, suitemate, support person and friend) are disclosed or used, then the disclosure of Plaintiff's identity becomes inevitable. Accordingly, in order to protect Plaintiff's identity, something more than an order prohibiting the use of the names of Plaintiff and Jane Roe is required. Thus, the protective order should also prohibit the release or use of the names of Plaintiff's accuser, any of the other four student witnesses who Jane Roe presented and/or Plaintiff's roommate. The entry of a broader protective order will protect the privacy interests of Jane Roe as discussed above as well as that of her friends who were engaged in illegal behavior (under aged drinking).

## CONCLUSION

For these reasons, Plaintiff's motion to proceed anonymously be granted, and requests that the Court enter the attached Protective Order.

Respectfully submitted,

/s/

W. David Paxton (VSB No. 19798)
Justin M. Lugar (VSB No. 77007)
Bradley C. Tobias (VSB No. 88046)
GENTRY LOCKE
P.O. Box 40013
Roanoke, VA 24022-0013
(540) 983-9300
paxton@gentrylocke.com
lugar@gentrylocke.com
tobias@gentrylocke.com

Michael E. Rosman (*pro hac vice* application forthcoming)
Michelle A. Scott (*pro hac vice* application forthcoming)
CENTER FOR INDIVIDUAL RIGHTS
1233 20th Street, N.W., Suite 300
Washington, D.C. 20036
(202) 833-8400
rosman@cir-usa.org
scott@cir-usa.org