IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JOHN DOE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:15-cv-00035 |
| | ) | |
| JONATHAN R. ALGER, *et al* | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

## SCHEDULING ORDER

*The court proposes the following as a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16(b). If no party requests changes within fourteen (14) days, it will constitute the scheduling order in this case.*

### Summary

**TRIAL DATE:** June 15-17, 2016 (Jury Trial)
9:30 a.m.

**PLACE:** **UNITED STATES DISTRICT COURT**
**116 N. Main Street**
**Harrisonburg, Virginia 22802**

**FED. R. CIV. P. 26(f) CONFERENCE:**     14 days from this order

**PLAINTIFF(S) INITIAL DISCLOSURES UNDER
FED. R. CIV. P. 26(a):**     30 days from this order

**DEFENDANT(S) INITIAL DISCLOSURES UNDER
FED. R. CIV. P. 26(a):**     45 days from this order

**PLAINTIFF(S) INITIAL EXPERT DISCLOSURE:**     80 days from this order

**DEFENDANT(S) INITIAL EXPERT DISCLOSURE:**     110 days from this order

**DEADLINE FOR MOTIONS TO JOIN OTHER
PARTIES OR AMEND PLEADINGS:**     120 days from this order

**DEADLINE TO COMPLETE DISCOVERY:**     95 days before trial date

| | |
|---|---|
| **DEADLINE TO FILE DISPOSITIVE MOTIONS AND MOTIONS TO EXCLUDE EXPERTS:** | 80 days before trial date |
| **DEADLINE FOR HEARING DISPOSITIVE MOTIONS:** | 45 days before trial date |
| **DEADLINE FOR PARTIES TO EXCHANGE WITNESS AND EXHIBIT LISTS:** | 21 days before trial date |
| **DEADLINE FOR HEARING MOTIONS IN LIMINE:** | 14 days before trial date |
| **DEADLINE FOR DEPOSITION DESIGNATIONS:** | 14 days before trial date |
| **DEADLINE FOR OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER DESIGNATIONS:** | 7 days before trial date |
| **DEADLINE FOR JURY INSTRUCTIONS AND SPECIAL INTERROGATORIES:** | 7 days before trial date |

## Trial and Settlement

1. This case is set for a jury trial, scheduled to begin at 9:30 a.m. on June 15, 2016.

2. The parties shall contact Miriam Frazier, Judicial Assistant (MiriamF@vawd.uscourts.gov or 540-857-5120), to schedule a pretrial conference to be held no later than fourteen (14) days prior to trial.

3. Proposed jury instructions and special interrogatories must be filed electronically via CM/ECF at least seven (7) days prior to trial. The parties also should email the proposed jury instructions and special interrogatories in Word format, with citations, to dillon.ecf@vawd.uscourts.gov, and copy opposing counsel.

4. Motions in limine, including motions objecting to introduction of deposition testimony and trial exhibits, must be heard no later than the final pretrial conference.

5. Unless otherwise agreed by the parties, depositions or portions thereof from persons not appearing at trial may be read into the record at trial only if a designation is filed for

such use at least fourteen (14) days prior to trial. Objections to such designations, and counter designations, must be filed no less than seven (7) days prior to trial.

6. If the case settles before trial and the court does not receive a proposed final order within thirty (30) days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice and retain jurisdiction to enforce the settlement if any party so moves within sixty (60) days of the entry of the dismissal order.

**Discovery, Rule 26(f) Plan, and Scheduling Order Amendments**

7. Unless the parties stipulate otherwise, they must confer and develop a discovery plan as required by Rule 26(f) and make initial disclosures as required by Rule 26(a)(1).

8. The parties may, but are not required to, file an agreed written plan pursuant to Rule 26(f), except that the plan must be filed if the parties amend this order's disclosure and discovery provisions, which the parties may do by agreement and without seeking leave of court. If the agreed written plan purports to change any deadlines other than the disclosure and discovery deadlines, the parties shall file a separate motion requesting leave to amend and shall submit a proposed agreed order with the modified deadlines. The court may also amend the order on its own motion.

9. All discovery must be completed at least ninety five (95) days before trial. This schedule requires that all written discovery be served in sufficient time to allow the responding party time to respond before the cutoff date for discovery.

10. Except disclosures under Rule 26(a)(3) of trial witnesses and exhibits, which the parties must file, the parties are not to file discovery or disclosure materials unless and until they are relevant to the court's disposition of a motion or otherwise required by this order.

## Motions

11.     A supporting brief must accompany all pretrial motions, unless the motion contains the legal argument necessary to support it or is certified to be unopposed.

12.     If any motion, properly filed and briefed, is to be opposed, a brief in opposition must be filed within fourteen (14) days of the date of service of the movant's brief (or within fourteen (14) days of this order if a motion and supporting brief were served before this order), except briefs in opposition to motions in limine or other motions related to trial matters, which must be filed within seven (7) days of the date of service of the movant's brief.   Except for good cause shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed.   If a moving party desires to submit a reply brief, it must be filed within seven (7) days of the date of service of the brief opposing the motion, except reply briefs in support of motions in limine or motions relating to trial matters which must be filed within seven (7) days of the date of service of the brief in opposition or at least two (2) days before the pre-trial conference, whichever time period is shorter.   A surreply brief may not be filed without prior leave of the court.   Consistent with Western District of Virginia General Local Rules 7(g)(3) and 7(j), service by CM/ECF is equivalent to service of the pleadings or other paper by first class mail, postage prepaid, and the three-day mailing rule of Federal Rule of Civil Procedure 6(d) for service by mail applies to service by electronic means.

13.     Exclusive of any accompanying exhibits, a brief may not exceed twenty-five (25) pages in length using standard margins and double-spaced lines, unless the filing party first obtains leave of the court after showing good cause why a longer brief is necessary.

14.     When a dispositive motion, together with its supporting brief and exhibits, consists of seventy-five (75) or more pages, the filing party must send a paper courtesy copy of the

documents to the chambers of the presiding Judge at 210 Franklin Road, S.W., Suite 132, Roanoke, Virginia 24011.

15. No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of Western District of Virginia General Local Rule 9. The requirements of General Local Rule 9 may not be modified by a stipulated protective order or other agreement of the parties.

16. All nondispositive pretrial motions and issues are hereby referred to United States Magistrate Judge Joel C. Hoppe pursuant to 28 U.S.C. § 636(b)(1)(A). Hearings on motions before Judge Hoppe are scheduled by contacting Karen Dotson, Courtroom Deputy Clerk at 540-434-3181, Ext. 2. The court, in its discretion, may also refer dispositive motions to Judge Hoppe pursuant to 28 U.S.C. § 636(b)(1)(B).

17. The court does not generally schedule motions hearings. Such scheduling is the responsibility of the parties. Any party requesting a hearing must contact Miriam Frazier, Judicial Assistant, by email or telephone to set a hearing date. If the parties do not promptly schedule a hearing, the court will rule on the motion without a hearing. Nondispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court without awaiting a response.

18. Proposed orders filed through CM/ECF during the course of litigation should also be sent by email separately in Word format to dillon.ecf@vawd.uscourts.gov.

## **Witnesses**

19. Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert

testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). Unless the parties otherwise agree or the court otherwise directs, the plaintiff must disclose the written report of each expert not later than eighty (80) days from the date of this order, and the defendant must disclose the written report of each expert not later than one hundred ten (110) days from the date of this order.

20. With respect to expert witnesses who are not retained or specially employed to provide expert testimony, such as a treating physician, or other person who may qualify as both an expert and a fact witness, the plaintiff must disclose the identity of any such witnesses and provide the information required by Rule 26(a)(2)(C) not later than eighty (80) days from the date of this order. The defendant must disclose the identity of any such witness and provide the information required by Rule 26(a)(2)(C) not later than one hundred ten (110) days from the date of this order.

21. Expert testimony intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rules 26(a)(2)(B) or (C) shall be disclosed as provided under Rule 26(a)(2)(D).

22. All expert disclosures must be submitted in sufficient time that discovery, if desired, can be completed reasonably by the discovery cutoff date without undue duplication and expense.

23. Any motion to exclude the testimony of an expert must be filed no later than the deadline for filing motions for summary judgment.

24. The parties shall exchange lists of trial exhibits to be used in their case-in-chief and witnesses they expect to call in their case-in-chief at trial no later than twenty-one (21) days prior

6

to trial. For each witness, the list shall include the witness' name and address and a summary of the witness' anticipated testimony.

### Mediation

25. The parties are encouraged to engage in settlement discussions. Upon motion of any party, the court will refer the case to a magistrate judge to conduct mediation.

It is so **ORDERED**.

Entered: October 5, 2015.

*Elizabeth K. Dillon*
United States District Judge

7

Case 5:15-cv-00035-EKD-JCH    Document 45    Filed 10/05/15    Page 7 of 7    Pageid#: 668