Re: *John Doe v. Jonathan R. Alger, et al.*
Case No: 5:15-cv-00035-EKD (U. S. District Court, W.D. Va., Harrisonburg Div.)

Exhibit to Plaintiff's Petition for Attorney's Fees and Expenses

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

------------------------------------------------------------x
JOHN DOE,
      Plaintiff,

v.                                                       Case No. 5:15-cv-00035-EKD

JONATHAN R. ALGER, et al,

      Defendants,
------------------------------------------------------------x

## DECLARATION OF KING F. TOWER IN SUPPORT OF PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

The undersigned states as follows:

1. My name is King F. Tower. I am over the age of 21 years. I am competent to make this declaration.

2. I have been retained to provide an opinion on the reasonableness of the hourly rates sought by the Plaintiff for the services provided by the law firm Gentry Locke Rakes & Moore LLP ("Gentry Locke") and its co-counsel Center for Individual Rights ("CIR") in support of the Plaintiff's fee petition in this matter pursuant to 42 U.S.C. §1988(b).

3. As part of this engagement, I have reviewed the Declarations of W. David Paxton and Michael E. Rosman, which are being submitted to this Court in connection with the Plaintiff's Petition for Attorney's Fees and Expenses, as well as the resumes of each lawyer and the paralegal who represented the Plaintiff in this action (**Attachments A to H** to Mr. Paxton's Declaration and **Exhibits 1 – 3** of Mr. Rosman's Declaration). I have also reviewed this Court's December 23, 2016 and April 25, 2017 decisions (Dkt. Nos. 153 and 173) and the docket sheet for this case to gain a full understanding of the scope of this case.

1

4. While it is true that the community in which the court sits is normally the appropriate starting point for selecting the proper rate for counsel, in some cases factors unique to that case can call for an hourly rate in excess of the rates prevalent for local counsel.

5. For example, the complexity and specialized nature of the particular case may in some cases mean that no attorney with the required skills is available locally or, as is the case here, the small number of local lawyers qualified to handle the matter are not interested for various reasons. Lawyers with specialized skill in a narrow area of law tend to be found in larger metropolitan areas, because lawyers in such areas have a greater opportunity to focus on a narrow area of law. Lawyers who focus their practices on certain areas will usually charge more for performing services than a general practitioner will charge for performing similar services. *See, Sun Publishing Co. v. Mecklenburg News*, 594 F.Supp. 1512, 1518 (E.D.Va. 1984) *aff'd*, 823 F.2d 818 (4th Cir. 1987); *see, also e.q. Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 769 (7th Cir., 1982).

6. During my first fifteen (15) years of law practice, I was located in Richmond, Virginia, however, I was frequently called upon to represent clients in matters in the Western District of Virginia. In June 2010, I relocated to Roanoke, Virginia and began practicing full-time in this District, appearing in all of its Divisions (with the exception of Big Stone Gap). Based on my involvement in the Harrisonburg community and the Western District of Virginia generally during this time, I am familiar with the rates generally charged by lawyers in this market. In my experience, those rates for lawyers with 30 or more years of experience run from $280 to $400 per hour depending on the nature of their practice, and for more junior lawyers, the hourly rates run from $160 to $235. When I charge an hourly rate for work that I perform, I use an hourly rate that ranges from $250 to $380 depending on the nature of the case.

7. This case, a civil rights action seeking only non-monetary relief from James Madison University ("JMU") officials by a student who was suspended based on a finding that he had engaged in sexual misconduct, is not the kind of case many lawyers will take against a state university regardless of their location, but this is especially true in a close-knit community like Harrisonburg.

8. Even though I have substantial experience with civil rights litigation, I do not represent college students seeking to challenge disciplinary actions taken because those cases are very difficult to win and the costs of pursuing these types of cases are too high for the eventual award.

9. I am not aware of any experienced lawyers (someone with 25+ years of experience) in the immediate Harrisonburg area who makes it a regular practice to accepting plaintiff's civil rights cases involving students. It is commonly known that courts are reluctant to be seen as second guessing the decision of a college made in the context of enforcing disciplinary rules. I also know that many lawyers in this market are wary of undertaking any representation that involves even the appearance of opposition to an alleged victim of sexual assault. For this reason these student claims are different in nature from employment claims, and potential plaintiffs must search for counsel in larger metropolitan areas.

10. The lawyers I know in Virginia with the requisite skill and experience and willingness to handle a complex civil rights case involving the rights of students, are located in Richmond, Roanoke or Northern Virginia.

11. This assessment is borne out by my review of this Court's docket sheet in a number of recent cases filed against colleges in this area. For example, in the Title IX case filed against Bridgewater College on December 19, 2014 (*Facchetti v. Vest*, Civ. Act. #5:15-cv-

3

{#2201140-1, 111599-00002-01}

00049-EKD), the plaintiff is principally represented by the law firm of Budd Larner, P.C. a law firm based in Short Hills, New Jersey (Thomas E. Strelka, of Roanoke is local counsel); in *Doe v. Washington & Lee University*, Civ. Act. #6:14-cv-00052, a Title IX, due process and contract case filed December 13, 2014, the plaintiff was represented by two New York firms, originally Nesenoff & Miltenberg, LLP, and later by Gage, Spencer & Fleming, LLP (local solo practitioner David Harrison of from Roanoke was local counsel); and in *Butters v. James Madison University*, Civ. Act. #5:15-cv-00015, a Title IX claim filed on March 3, 2015, the Plaintiff was represented by counsel from Richmond.

12. I am also aware from a review of the Court's docket sheet in this case that Jane Roe, the student who accused John Doe of sexual assault, was represented by Humes T. Franklin, III of Wharton Aldhizer &Weaver, PLC, a local Harrisonburg firm which has a conflict of interest.

13. In my opinion the Plaintiff acted reasonably in selecting counsel from outside of the immediate area. Based on my knowledge of and review of the resumes, I find Gentry Locke and CIR to be highly qualified to work on this type of case, and they should be compensated at the reasonable rates requested.

14. I am also of the opinion the lawyers of Gentry Locke and CIR should be compensated for their services in this case at rates that are more common in larger metropolitan areas like Roanoke, Richmond and Alexandria, rather than Harrisonburg. In this regard, I am aware that in a very similar case, *Doe v. Rector and Visitors of George Mason University*, 2016 U.S. Dist. LEXIS 80847 (E.D. Va. June 21, 2016), Judge Ellis approved hourly rates for associates of $245 to $325, and partner rates of $385 to $445.

4

15. I have several reasons for this opinion. First, civil rights litigation involving constitutional rights of students is one of the more complex and evolving practice areas, and the lawyers at Gentry Locke and CIR lawyers have both the requisite knowledge, skill and years of experience with civil rights litigation to handle this type of case successfully. Further, for the reasons stated above, these student cases are undesirable cases which involve a lot of risk, and small firms are often unable to take these cases which often must be pursued on a contingent fee arrangement.

16. In this case, the highest rates sought for any of the Plaintiff's attorneys is $400 for Cynthia D. Kinser, the retired Chief Justice of the Supreme Court of Virginia, a practitioner with more than 40 years' experience (whose current rate is $525/hour). Mr. Paxton with 37 years of experience is requesting $375/hour (although his current rate is $425/hour) and Mr. Rosman and Mr. Haley (who played a limited role), who each are requesting an hourly a rate of $350.

17. These rates, while slightly higher than $350/hourly rate approved by Judge Urbanski in *Allstar Lodging, Inc. v. Rookard*, 2013 U.S. Dist. LEXIS 160845 at *5 (W.D.Va. Nov. 12, 2013), are substantially less than the $500/hour Judge Turk approved in *Three Rivers Landing of Gulfport, LP v. Three Powers Landing, LLC*, 2014 U.S. Dist. LEXIS 55871 at *3-4 (W.D.Va. April 21, 2014).

18. As for the other rates being requested for the lawyers at Gentry Locke (Mr. Lugar ($260), Ms. Murchison ($200), Mr. Stephenson ($170) and Mr. Tobias ($170)) and at CIR (Ms. Scott ($300) and Mr. Hajec ($260)), I find these rates to be reasonable given the experience of the attorneys involved and in line with the market rates for these services. Additionally, given the 26 years of experience possessed by Ms. Bates, the rate of $125/hour requested for her is a reasonable rate.

19. Given the complex nature of this case, the undesirability of this litigation, the experience and skill of the lawyers involved and the comparison of rates recently awarded in this Court as well as the hours approved in *Doe v. George Mason*, I am of the opinion that all of the hourly rates requested for the Gentry Locke attorneys ($170 - $400), for the CIR attorneys ($260 - $350), and the $125 requested for the paralegal Ms. Bates are reasonable for this market.

## GENERAL QUALIFICATIONS OF DECLARANT

20. I am a member in good standing of the Virginia State Bar and North Carolina State Bar, as well as the bars of various federal courts. I have been counsel of record in more than one hundred (100) federal and state civil cases in the courts of Virginia, North Carolina, South Carolina, Georgia, West Virginia, Illinois and Alabama. I have represented a wide range of clients ranging from colleges and universities to manufacturing companies.

21. I obtained my law degree from William & Mary (Marshall-Wythe) in 1995 and was admitted to the Virginia Bar that year. I was admitted to the North Carolina Bar in 2003.

22. Since entering private practice in 1995, I have focused my practice on federal court litigation, with a focus on employment law. I have also practiced all facets of traditional labor law on the management side.

23. A copy of my detailed curriculum vitae is **Attachment A**.

24. Much of my practice involves defense of claims that are commonly brought using contingent fee arrangements and/or provide for statutory fee-shifting under federal law.

25. Given my experience with fee-shifting litigation, I have previously been required to study the topic of reasonable attorney's fees in order to litigate the issue in matters in which I am counsel.

6

26. In any given year, I speak at several CLE seminars, often on topics related to attorney's fees, legal malpractice, ethics, and employment law.

26. I have practiced in the area of civil rights litigation since beginning private practice in 1995.

27. Examples of my civil rights litigation experiences include the following:

   a. In 1997, I was counsel to the defendant in the landmark case of Doss v. Jamco, Inc., in which the Virginia Supreme Court held that the Virginia General Assembly had legislatively abrogated claims for employment discrimination based upon the public policies found in the Virginia Human Rights Act. See Doss v. Jamco, Inc., 254 Va. 362, 492 S.E.2d 441 (1997).

   b. In 2000, I represented Nabisco, Inc. in the defense of sex discrimination claims brought under Title VII of the Civil Rights Act of 1964 (Title VII"). Following the District Court's dismissal of the plaintiff's disparate treatment and hostile work environment claims, the U.S. Court of Appeals for the Fourth Circuit affirmed the decision. See Dew v. Nabisco, Inc., 2000 U.S. App. LEXIS 22264 (4th Cir.).

   c. In 2001, I represented Mega Contractors, Inc. in race discrimination litigation brought by the Equal Employment Opportunity Commission ("EEOC") under Title VII. Following a jury verdict in my client's favor in the U.S. District Court for the Eastern District of Virginia, we also litigated the issue of recovery of the defendant's attorney's fees, both before that Court and the U.S. Court of Appeals for the Fourth Circuit. See EEOC v. Mega Contrs., Inc., 8 Fed. Appx. 241(4th Cir. 2001).

   d. In 2011, I represented Lawrence Transportation Systems in a case brought by the

7

{#2201140-1, 111599-00002-01}

Case 5:15-cv-00035-EKD-JCH   Document 180-8   Filed 05/16/17   Page 8 of 11   Pageid#: 3513

EEOC under Title VII that was tried in the Harrisonburg Division of the U.S. District Court for the Western District of Virginia. In that case, the EEOC asserted that the defendant had unlawfully denied employment to a Rastafarian whose dreadlocks hairstyle violated the company's grooming policy. Judge Wilson declared a mistrial based upon the jury's failure to reach a verdict.

28. I have litigated civil rights cases under various statutes in Virginia and other states, including North Carolina, South Carolina, Georgia and West Virginia.

I provide this information under penalty of perjury and pursuant to 28 U.S.C. §1746. Executed this 16th day of May, 2017.

_____
KING F. TOWER

# KING F. TOWER

PHONE: 540.983.7541 (O); 540.314.7270 (M)
EMAIL: ktower@woodsrogers.com

EXPERIENCE

**2016-Present  Woods Rogers, PLC**  *Roanoke, VA*
**Of Counsel**

- First chair counsel, representing employers in significant employment litigation matters in state and federal courts in Virginia and North Carolina. Experience includes defending claims under Title VII, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Fair Labor Standards Act and litigating non-competition covenants and other business torts.
- Expertise in defending class and collective actions, and other multi-plaintiff cases.
- Frequent representation of clients in administrative matters before the EEOC and Department of Labor, including discrimination charges and wage and hour audits.
- Representation of management before the National Labor Relations Board, in labor arbitrations and in counter-organizing campaigns throughout the country. Extensive experience conducting representation proceedings and defending unfair labor practice charges.
- Provide daily counseling to in-house counsel and human resources executives of large, publicly traded and medium size growing business.

**2010-2016  Spilman Thomas & Battle, PLLC**  *Roanoke, VA*
**Member**

- Head of multi-state firm's Virginia labor and employment practice team, providing management-side labor relations, employment litigation and counseling services.
- Develop labor and employment practice group in Roanoke, representing clients throughout Virginia and southeastern U.S.

**1995-2010  Williams Mullen, P.C.**  *Richmond, VA*
**Shareholder (2002- 2010), Associate (1995-2002)**

Practice labor and employment law throughout eastern U.S., including representation of employers in litigation and labor matters in Virginia, North Carolina, South Carolina, Georgia, Arkansas, Kentucky, New York and Illinois.

**2014–Present  Washington & Lee University**  *Lexington VA*
**Adjunct Professor, Labor Law**

**2008–2010  College of William & Mary**  *Williamsburg, VA*
**Adjunct Professor, Labor Law**

**1990–1992  Skadden, Arps, Slate, Meagher & Flom, LLP**  *Washington, D.C.*
**Paralegal**

White Collar Crime Practice Group

Attachment A

| | | | |
|---|---|---|---|
| EDUCATION | *1992–1995* | **College of William & Mary** | *Williamsburg, VA* |

J.D., Marshall-Wythe School of Law
GPA: 3.5; Order of the Coif (Class Rank: 10 of 167)
Law Review, Staff Editor
Moot Court Board
Co-Chair, William & Mary Public Service Fund

| | *1986–1990* | **University of Virginia** | *Charlottesville, VA* |
|---|---|---|---|

B.A., Government

RECOGNITIONS

**The Best Lawyers in America** - Labor & Employment Law
**"Legal Elite"** - *Virginia Business*
**Virginia Super Lawyers** - Labor & Employment Law
**Chambers and Partners USA** – Labor & Employment (Virginia Rankings)
**AV-Rated** – Martindale Hubbell

BAR ADMISSIONS

Virginia State Bar
North Carolina State Bar

COMMUNITY INVOLVEMENT

Western Virginia Workforce Development Board, *Chair 2015 – Present*
Roanoke Public Libraries, *Advisory Board Member*
Roanoke Valley Society for Human Resources Management, *Former Legislative Affairs Chair*
North Cross School, *Former Alumni Board Member*
The Faison School for Autism, *Past Member, Board of Directors*
Central Virginia Legal Aid Society, *Past Member, Board of Directors*
Capital Region Workforce Investment Board, *Past Member, Member*
Greater Southwest Athletics, *Former Youth Basketball Coach*

PROFESSIONAL AFFILIATIONS

American Bar Association (Labor and Employment Section, Fair Labor Standards Legislation Committee)
Virginia Bar Association (Labor Relations and Employment Law Section – Section Council 2015 - Present, Young Lawyers Division - Chair 2004)
Virginia State Bar (Litigation Section)
Roanoke Bar Association